IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Tommy L. Tucker, | ) | Case No.: 8:19-cv-02078-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| City of Greenwood and Greenwood Police | ) | |
| Department, Brandon White, in his | ) | |
| individual capacity, Steven Phillip Nichols, | ) | |
| in his individual capacity, and Wes Walker, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before this Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald (Report), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. (DE 41.) The Plaintiff Tommy L. Tucker ("Plaintiff" or "Tucker") brought this civil action, *inter alia*, pursuant to 42 U.S.C. §§ 1983 and 1985, seeking monetary damages and a declaratory judgment. (DE 1-1.) The Defendants have filed a motion for summary judgment seeking dismissal of Plaintiff's claims. (DE 25.) The Plaintiff has filed a Response in Opposition to Defendants' Motion for Summary Judgment. (DE 33.) The Defendants have filed an objection to the Report (DE 47), and the Plaintiff has filed a Response to Defendants' Objection to the Report. (DE 48.)

For the reasons set forth herein, this Court adopts the Report, in part, as it relates to the Plaintiffs Abuse of Process cause of action. This Court modifies the Report regarding the remaining causes of action with this Order, and therefore, grants Defendants' motion for summary judgment, as discussed herein.

## BACKGROUND[1]

On July 2, 2017, Officers Brandon White (White), Steven Phillip Nichols (Nichols), and Wes Walker (Walker) responded to a Greenwood grocery store after a confrontation between Tucker and Mr. and Mrs. Joey Duffie, Jr., in the parking lot. Officer White spoke to Tucker, who advised that another driver (later identified as Mr. Duffie) had been driving in a reckless manner, and when Tucker confronted him about his driving, Mr. Duffie told him that he was going to shoot him. (DE 25-2, White aff. ¶ 4.) Officers White, Nichols, and Walker then spoke with Mr. and Mrs. Duffie, their adult son, and the son's fiancé. Mr. Duffie stated he first noticed the Plaintiff's car behind his car at an intersection and that the Plaintiff followed him into the parking lot. When Mr. Duffie stopped in front of the store to let his wife out of the car, the Plaintiff pulled alongside his car, and the Plaintiff began acting aggressively and cursing and yelling at Mr. Duffie that he had not used his turn signal. The Plaintiff then got out of his vehicle to approach Mr. Duffie's wife, as he continued to curse and yell, and then he approached Mr. Duffie's vehicle. Mr. Duffie told the Plaintiff that he had a gun in his console and would shoot him if he tried to reach into his car. Mr. Duffie then called the police. (DE 25-2, ¶¶ 5-6; DE 25-5, White bodycam video, 02:00-09:25.)

Thereafter, Officers Nichols and Walker interviewed Tucker inside the grocery store with his shopping cart and bagged groceries. Tucker provided his first and last name when asked, but he then refused to give his middle name. Officers Nichols and Walker advised him that if he did not provide his full name and date of birth, he would be arrested for obstructing a lawful investigation and disorderly conduct. When he still did not provide his middle name or date of birth, Officer Nichols advised Tucker that he was being placed under arrest. (DE 25-1, p. 3.)

---

[1]     This Court incorporates the Report's procedural history of the case. Since the parties do not object to the Report's "Facts Presented," this Court will summarize the facts to aid in understanding its legal analysis.

Initially, the Plaintiff refused to let go of the shopping cart, but after approximately ten seconds,

he was handcuffed.  He was advised that he was arrested for disorderly conduct and resisting arrest.

(DE. 25-7, Nichols bodycam video, 05:00 - 08:15; doc. 33-1, Walker bodycam video, 00:00 -

03:30.)   An incident report and supplementary report prepared by Officer White recited the

encounter as follows:

> Sgt. Nichols asked Tucker for his middle name, DOB, and address, to which Tucker
> advised that he did not have to provide this information. Sgt. Nichols advised
> Tucker that he did have to provide the information because we needed it to
> complete a police report and the investigation. Sgt. Nichols and MP Walker advised
> Tucker that he would be arrested if he failed to provide the information, and Tucker
> still refused. After several more attempts to get Tucker's information, Tucker was
> advised that he was under arrest for disorderly conduct.

(DE. 25-4, p. 3.)

After the Plaintiff was placed in a police vehicle, the officers interviewed the store manager, who

stated that she was present when the confrontation took place in the parking lot and that she

observed the Plaintiff "yelling and acting crazy," describing him as "being angry and furious."

(DE 25-6, Garrison aff. ¶ 4.)

Tickets were issued to the Plaintiff by Officer White for violating Greenwood City

Ordinance Sections 28-37 (Disorderly Conduct) and 26-7 (Resisting Arrest).  (DE 33-3.)  Section

28-37 prohibiting disorderly conduct states in pertinent part:

> It shall be unlawful for any person within the city to engage in the following acts
> or conduct knowing or having reasonable grounds to know that it will tend to
> promote or provoke a disturbance, danger, alarm, disorder, assault, fight, brawl or
> nuisance:
> ***
> > (9) Resist or obstruct the performance of duties by city police or any
> > authorized city official. . . .

(Doc. 25-8.)

Section 26-7 (Resisting Arrest) states:

> It shall be unlawful for any person to physically hinder, prevent, obstruct or resist
> any police officer or other city officer charged with the execution of any warrant or

3

other process within the city or engaged in making any arrest or performing any
other duty of his office within the city.

(DE 33-2.)

Upon his arrest, the Plaintiff was taken to jail and later released. The charges against him were later dismissed.  (DE 18, ¶ 22; DE 21, ¶ 11.)

The Plaintiff filed this lawsuit alleging state law claims of malicious prosecution and abuse of process against Greenwood, and he seeks a declaratory judgment pursuant to South Carolina Code Section 15-53-10, *et. seq.*, that the Greenwood City Ordinance for Disorderly Conduct (Section 28-37) violates the Constitution of the United States and the South Carolina Constitution. The Plaintiff also alleges federal claims pursuant to 42 U.S.C. §§ 1983 and 1985 against Defendants White, Nichols, and Walker for violations and conspiracy to violate his constitutional rights.

**LEGAL STANDARD**

A.    **The Report**

The Magistrate Judge makes only a recommendation to the court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270-71.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a specific objection, the court reviews the Report only for clear error.  Diamond v.

Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

B.    **Motion for Summary Judgment**

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

"The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact." Major v. Greenville Hous. Auth., 2012 WL 3000680, at *1 (D.S.C. Apr. 11, 2012). Nevertheless, "when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing

5

8:19-cv-02078-JD    Date Filed 02/23/21    Entry Number 52    Page 6 of 12

that there is a genuine issue for trial.'" Id. (quoting Fed. R. Civ. P. 56(e)).  The plain language of

Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate

time for discovery and upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"[C]onclusory allegations or denials, without more, are insufficient to preclude the granting of the

summary judgment motion." Major, 2012 WL 2000680, at *1.

## DISCUSSION

The Defendants object to the Report on four grounds.  The Defendants assert that "[t]he

Magistrate erred in finding that genuine issues of material fact exist as to whether the officers had

probable cause to make the arrest, particularly in his finding that Defendants' argument regarding

an uncharged offense was 'meritless.'  (ECF 41, at pp. 6-8; p. 10.)"  (DE 47.)  Also, "[t]he

Magistrate erred in finding that there are 'genuine issues of material fact on the plaintiff's Section

1983 civil conspiracy claim.' (ECF 41, at pp. 8-9.)"  (DE 47.)  In addition, "[t]he Magistrate erred

in denying the Defendants' qualified immunity defense. (ECF, at p. 9.)"  (DE 47.)  Lastly, "[t]he

Magistrate erred in denying the Defendants' motion for summary judgment as to the Plaintiff's

declaratory judgment cause of action. (ECF 41, at pp. 12-13.)"  (DE 47.)

### A.  First Objection – Probable cause to make the arrest.

Defendants contend that summary judgment is appropriate on Plaintiff's malicious

prosecution and Fourth Amendment claims, "because he cannot prove a lack of probable cause as

to (1) disorderly conduct in the store; (2) resisting arrest in the store; and/or (3) disorderly conduct

in the parking lot.  The existence of probable cause as to any one of these charges requires that

summary judgment be granted to the Defendants."  (DE 47, p. 2.)  Defendants take exception to

6

the Report finding that "the evidence before the court shows that the plaintiff was not arrested for

his disorderly conduct with the Duffies, but instead expressly for his disorderly conduct for

'interfering with a lawful police investigation' by refusing to answer the officers' questions" and

that Defendants' argument that there was probable cause for the parking lot incident 'is meritless.'"

(DE 47 p. 3.)  The Defendants contend that "[t]he existence of probable cause as to any one of

these charges requires that summary judgment be granted to the Defendants."  (DE 47 p. 2) (citing

Devenpeck v. Alford, 543 U.S. 146, 153–56 (2004) (rejecting a rule that would require that the

offense establishing probable cause be "closely related" to the offense identified by the officer at

the time of arrest.))[2]  This Court agrees and rejects the Report's finding "that Defendants' argument

that there was probable cause for the parking lot incident 'is meritless.'"  However, nullifying that

finding *alone* does not resolve whether the Defendants had probable cause to arrest Tucker.

Probable cause is an element necessary to Tucker's malicious prosecution and Fourth

Amendment claims.  The Fourth Amendment protects "[t]he right of the people to be secure in

their persons . . . against unreasonable searches and seizures."  U.S. Const. amend. IV.  An arrest

is a seizure within the Fourth Amendment's protections.  See Robinson v. Brown, 2016 WL

4975021 at *3 (D.S.C. Sept. 19, 2016) (citing Brendlin v. California, 551 U.S. 249, 254 (2007)).

Generally, a seizure is reasonable "only if based on probable cause."  Rogers v. Pendleton, 249

F.3d 279, 290 (4th Cir. 2001) (quoting Dunaway v. New York, 442 U.S. 200, 213 (1979)).

Therefore, Tucker's unlawful seizure claim under § 1983 requires a showing that he was arrested

without probable cause.

Similarly, Tucker's state law claim for malicious prosecution includes the absence of

probable cause as a necessary element.  An action for malicious prosecution requires the

---

[2]    Defendants also note a similar case before the court wherein it found that "probable cause for an
arrest can be based on uncharged conduct."  Etheredge v. Nichols, 8:18-2449-TMCKFM.

plaintiff to show (1) the institution or continuation of original judicial proceedings; (2) by, or

at the instance of, the defendant; (3) termination of such proceedings in the plaintiff's favor;

(4) malice in instituting such proceedings; (5) want of probable cause; and (6) resulting injury

or damage.  See Parrott v. Plowden Motor Co., 143 S.E.2d 607, 608 (S.C. 1965).  Like his §

1983 claim for unlawful seizure, Tucker's state law claim for malicious prosecution requires

a showing that Officers White or Nichols lacked probable cause to arrest him.  In other words,

if either Officer White (who signed the tickets) or Nichols (who placed Tucker under arrest) [3]

had probable cause to arrest Tucker, both claims fail.

Probable cause exists where "the facts and circumstances within an officer's knowledge—

or of which he possesses reasonably trustworthy information—are sufficient in themselves to

convince a person of reasonable caution that an offense has been or is being committed." Wadkins

v. Arnold, 214 F.3d 535, 539 (4th Cir. 2000).  "To determine whether probable cause existed,

courts look to the totality of the circumstances *known to the officers at the time of the arrest*."

United States v. Al-Talib, 55 F.3d 923, 931 (4th Cir. 1995) (citing Illinois v. Gates, 462 U.S. 213,

230–31 (1983)) (emphasis added).  "The determination and existence of probable cause is a

practical, nontechnical conception, and it involves factual and practical considerations of everyday

life on which reasonable and prudent men, not legal technicians, act."  Stavis v. Reynolds, 2010

WL 1294113, at *3 (D.S.C. Mar. 5, 2010), aff'd, 2010 WL 1257344 (D.S.C. Mar. 29, 2010)

(quoting Brinegar v. United States, 338 U.S. 160, 175–176 (1949)) (internal quotation marks

omitted).

---

[3]    The Plaintiff attempts to draw a distinction between the fact that White wrote the tickets, but Nichols placed him under arrest for the purpose challenging probable cause.  However, this is a distinction without a difference because officers White, Nichols, and Walker each individually had knowledge of the events that transpired in the parking lot.

8

To survive summary judgment in an action under § 1983 for vindication of a plaintiff's Fourth Amendment rights, the plaintiff must present evidence that creates a genuine issue of material fact as to whether his arrest was made without probable cause. See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 183 (4th Cir. 1989). To do so, he must allege, "a set of facts which made it unjustifiable for a reasonable officer to conclude that [the plaintiff] was violating [the relevant law]." Brown v. Gilmore, 278 F.3d 362, 368 (4th Cir. 2002). Based on the facts in this case, Tucker has not made the requisite showing to survive summary judgment. It is undisputed in this case that Tucker had an altercation in the parking lot with the Duffies, which caused law enforcement to be dispatched to the scene. Upon arriving on the scene, Officers White, Nichols, and Walker spoke with Mr. and Mrs. Duffie, their adult son, and the son's fiancé. (DE 25-1, p. 2.) Duffie stated that:

> When Mr. Duffie stopped in front of the store to let his wife out of the car, the Plaintiff pulled alongside his car, and the Plaintiff began acting aggressively and cursing and yelling at Mr. Duffie that he had not used his turn signal. The Plaintiff then got out of his vehicle to approach Mr. Duffie's wife, as he continued to curse and yell, and then he approached Mr. Duffie's vehicle.

(DE 25-2.)

In addition, Tucker refused to provide Officers Nichols and Walker with his middle name and date of birth as part of their investigation of an alleged crime. Reviewing the totality of the events known to the officers individually, to include the statements from the Duffies prior to Officers Nichols and Walker's interaction with Tucker in the grocery store, the allegations support the Defendants' claim that probable cause exists. Accordingly, the Defendants had probable cause to arrest the Plaintiff for the incident in the parking lot and his refusal to provide his identifying information in the grocery store as a follow-up to the parking lot incident.[4] Moreover, absent

---

[4]    The Plaintiff's arrest resulting from his failure to provide personal identifying information after an investigatory stop in the grocery store is consistent with investigatory stop laws. The United States Supreme

Tucker alleging, "a set of facts which made it unjustifiable for a reasonable officer to conclude that [he] was violating [the relevant law,]" summary judgment is proper.

Here, Tucker does not allege facts that would make it unjustifiable for a reasonable officer to conclude that a violation had *not* occurred in the park lot.  Rather, Tucker contends his Disorderly Conduct and Resisting Arrest charges arising out of his failure to provide his full name and date of birth to Officers Nichols and Walker in the grocery store was unjustified.  In essence, Tucker claims the officers could not lawfully compel him to provide his full name and date of birth under threat of arrest.  Since Tucker's encounter with Officers Nichols and Walker was not voluntary, rather it was incident to their investigation of the altercation in the parking lot, Tucker's refusal to provide his identifying information satisfies probable cause.  See n. 4, infra. Furthermore, since this Court has rejected the notion that probable cause cannot be established by an uncharged offense, (i.e., the parking lot altercation) the Plaintiff has not met his burden.  See Jackson v. City of Abbeville, 366 S.C. 662, 669, 623 S.E.2d 656, 660 (Ct.App. 2005) ("We find the reasoning in . . . (citations omitted) leads to the conclusion that it is permissible to rely on an uncharged offense to establish probable cause.").  Accordingly, the Defendants are entitled to summary judgment on Plaintiff's malicious prosecution cause of action.

---

Court's seminal cases on "stop and identify" laws are Hiibel v. Sixth Judicial Dist. Court of Nev., 542 U.S. 177, 187-88, 124 S. Ct. 2451, 159 L. Ed. 2d 292 (2004) and Brown v. Texas, 443 U.S. 47, 52, 99 S. Ct. 2637, 61 L. Ed. 2d 357 (1979).  The Fourth Circuit in Wingate recently said "[r]ead together, Brown and Hiibel illustrate that a valid investigatory stop, supported by Terry-level suspicion, is a constitutional prerequisite to enforcing stop and identify statutes. Necessarily so. The prevailing seizure jurisprudence flows from the idea that, short of an investigatory stop, a person is 'free to disregard the police and go about his business.' (citations omitted)  "To be sure, officers may always request someone's identification during a voluntary encounter. (citations omitted)  But they may not compel it by threat of criminal sanction." Wingate v. Fulford, 2021 U.S. App. LEXIS 3130, 2021 WL 377796 (4th Cir. 2021).

**B. Remaining objections**

Since this Court has determined that the Plaintiff has not suffered a deprivation of a constitutional right because the Defendants had probable cause to arrest him, the Defendants are equally entitled to summary judgment on the Plaintiff's federal claims pursuant to 42 U.S.C. §§ 1983 and 1985. Therefore, this Court grants Defendants' motion for summary judgment on Plaintiff's federal claims against Defendants White, Nichols, and Walker for violations and conspiracy to violate his constitutional rights.

Lastly, Plaintiff seeks a declaratory judgment against Greenwood pursuant to South Carolina Code Section 15-53-10, et. seq., alleging that Greenwood's Disorderly Conduct Ordinance Section 28-37 is unconstitutional under the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 12 of the South Carolina Constitution. Neither party objects to the Report's finding that the Plaintiff brings this claim as an "as applied" challenge to the constitutionality of the ordinance. The ordinance does not contain language that a person who has identified himself must answer questions of a police officer, and the plaintiff has presented nothing to suggest that the ordinance on its face is unconstitutional. Since this Court has determined that the Defendants' investigatory stop of Tucker resulting from the altercation in the parking lot was proper, Plaintiff's "as applied" challenge to subsection 9 of the ordinance is moot. See n. 4, supra. Therefore, the Defendants are entitled to summary judgment on the Plaintiff's declaratory judgment cause of action.

## CONCLUSION

For the foregoing reasons, it is ordered that the Defendants' motion for summary judgment is granted.

**AND IT IS SO ORDERED**

<u>s/Joseph Dawson, III</u>
Joseph Dawson, III
United States District Judge

February 23, 2021
Greenville, South Carolina